**DOCTOR'S ASSOCIATES, INC.,**
**Plaintiff–Appellee,**

v.

**Kelechukwu OSUJI, Defendant–**
**Appellant.**

**No. 00–9473.**
**United States Court of Appeals,**
**Second Circuit.**

July 11, 2001.

Kelechukwu Osuji, Chicago, IL, pro se.

Kevin M. Kennedy, Wiggin & Dana, New Haven, CT, for appellee.

Present MINER, and LEVAL, Circuit Judges, SCULLIN,* District Judge.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Defendant Kelechukwu Osuji appeals from the judgment of the district court granting a petition by plaintiff Doctor's Associates, Inc., to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and to enjoin him from proceeding with a state action in Cook County, Illinois. Osuji contends that the district court erred in failing to dismiss for lack of subject matter jurisdiction. He also claims that the court abused its discretion by granting plaintiff's request for an extension of time in which to file a response to Osuji's motion to dismiss, not informing him that a hearing date had been changed, and denying his motion to recuse. We find no error or abuse of discretion.

Osuji, an Illinois resident, argues that it is necessary to join another individual, also an Illinois resident, as an indispensable party under Fed.R.Civ.P. 19, thereby destroying the diversity of citizenship on

---

* Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

which the subject matter jurisdiction of the district court rests. The individual named by Osuji is not a party to the arbitration agreement between Osuji and Doctor's Associates, however, and thus need not be joined for the district court to grant relief. As we have already held, on essentially identical facts, "[a] district court should not consider the citizenship of strangers to the arbitration contract, since they are not 'parties' [to] the suit arising out of the controversy within the meaning of the FAA." *Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 446 (2d Cir.1995). Therefore, the district court properly denied Osuji's attack on the court's subject matter jurisdiction.

We find no merit in Osuji's other contentions. He has made no showing that the district court deprived him of the opportunity to present his arguments concerning subject matter jurisdiction—which we have found to be meritless—or that the district court was biased against him.

Accordingly, we AFFIRM the judgment of the district court.